**In re NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION.**

**Civil Action No. 12–md–02409–WGY.**

United States District Court,
D. Massachusetts.

Nov. 27, 2013.

David B. Franco, Douglas R. Plymale, James R. Dugan, II, The Dugan Law Firm, APLC, New Orleans, LA, Bruce E. Gerstein, Ephraim R. Gerstein, Joseph Opper, Elena Chan, Garwin Gerstein & Fisher LLP, Brian D. Brooks, Smith Segura & Raphael LLP, Archana Tamoshunas, Taus, Cebulash & Landau, LLP, Frank R. Schirripa, Michael Aaron Rose, Hach Rose Schirripa & Cheverie, LLP, Michael A. London, Virginia E. Anello, Douglas & London P.C., Linda P. Nussbaum, Peter A. Barile, III, Grant & Eisenhofer P.A., J. Douglas Richards, Sharon K. Robertson, George Farah, Cohen Milstein Sellers & Toll PLLC, Donald A. Broggi, Penelope Abdiel, Joseph P. Guglielmo, Scott & Scott, Attorneys at Law, LLP, Alan H. Pollack, Hopgood, Calimafde, Kalil, Blaustein & Judlowe, Jay P. Lefkowitz, Kirk-

land & Ellis LLP, New York, NY, Glen Devalerio, Berman Devalerio, Nathaniel L. Orenstein, Berman Devalerio Pease Tabacco Burt & Pucillo, Thomas G. Shapiro, Shapiro Haber & Urmy LLP, Jonathan Shapiro, Stern, Shapiro, Weissberg & Garin, Kimberly A. Dougherty, Janet Jenner & Suggs, LLC, Brian T. Moriarty, Hamilton Brook Smith & Reynolds, P.C., Nicholas W. Allen, William A. Zucker, McCarter & English, LLP, Adam L. Sisitsky, Laurence A. Schoen, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, PC, Lawrence M. Kraus, Foley & Lardner LLP, Thomas E. Peisch, Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP, Boston, MA, Andrew J. Vasicek, David S. Nalven, Kristen Johnson Parker, Thomas M. Sobol, Donna M. Evans, Hagens Berman Sobol Shapiro LLP, Michael J. Rossi, Clark, Hunt, Ahern & Embry, Cambridge, MA, Don Barrett, Barrett Law Office, Lexington, MS, John D. Radice, Radice Law Firm, PC, Long Beach, NJ, Peter S. Pearlman, Cohn, Lifland, Pearlman, Herrmann & Knopf, Saddle Brook, NJ, Russell A. Chorush, Heim Payne & Chorush LLP, Houston, TX, Susan C. Segura, Smith Segura & Raphael, LLP, Alexandria, LA, Caitlin G. Coslett, Daniel C. Simons, David F. Sorensen, Eric L. Cramer, Nicholas Urban, Daniel Walker, Berger & Montague PC, Barry L. Refsin, Hangley, Aronchick, Segal, Pudlin & Schiller, Donald W. Myers, Buchanan Ingersoll & Rooney PC, Philadelphia, PA, Joseph T. Lukens, Peter Kohn, Faruqi & Faruqi LLP, Jenkintown, PA, Anna T. Neill, Douglas H. Patton, Lauren C. Ravkind, Scott E. Perwin, Kenny Nachwalter, P.A., Miami, FL, Bernard D. Marcus, Brian C. Hill, Erin Gibson Allen, James F. Rosenberg, Jonathan D. Marcus, Moira E. Cain–Mannix, Marcus & Shapira LLP, Pittsburgh, PA, Monica L. Rebuck, Hangley Aronchick Segal Pudlin & Schiller, Harrisburg, PA, David P. Germaine, John P. Bjork, Vanek Vickers & Masini PC, Chicago, IL, James E. Cecchi, Lindsey H. Taylor, Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Roseland, NJ, Anne K. Fornecker, Hilliard & Shadowen LLC, Austin, TX, Jayne A. Goldstein, Pomerantz Grossman Hufford Dahlstrom & Gross, LLP, Weston, FL, Natalie Finkelman Bennett, Shepherd, Finkelman, Miller & Shah, LLP, Media, PA, Steve D. Shadowen, Hilliard & Shadowen LLC, Mechanicsburg, PA, Christopher Lometti, Cohen Milstein Sellers & Toll PLLC, John M. Gore, Jonathan B. Berman, Kevin D. McDonald, Stephanie L. Resnik, Jones Day, Andrew D. Lazerow, Ashley E. Bass, Courtney R. Forrest, Einar Stole, Enrique D. Longton, Evie Spanos, Thomas A. Isaacson, Jonathan Gimblett, Timothy C. Hester, Covington & Burling LLP, Benjamin M. Greenblum, Jonathan B. Pitt, Kannon K. Shanmugam, Marcie R. Ziegler, Stanley E. Fisher, Adam R. Tarosky, Dane H. Butswinkas, James H. Weingarten, John E. Joiner, John E. Schmidtlein, Paul B. Gaffney, Williams & Connolly LLP, Lisa Jose Fales, Sarah Choi, Danielle R. Foley, James Douglas Baldridge, Venable LLP, Katie Einspanier, Thea Cohen, Christopher M. Jackson, Karen N. Walker, Rebecca A. Koch, Katie Einspanier, Kirkland & Ellis LLP, Washignton, DC, Bethany R. Turke, Edward A. Wallace, Justin N. Boley, Kenneth A. Wexler, Wexler Wallace LLP, Chicago, IL, Christopher M. Burke, Walter W. Noss, Scott & Scott LLP, San Diego, CA, Lisa J. Rodriguez, Rodriguez & Richards, LLC, Nicole M. Acchione, Trujillo Rodriguez & Richards, LLP, Haddonfield, NJ, Brian D. Penny, Goldman Scarlato Karon & Penny PC, Wayne, PA, Kevin P. Roddy, Wilentz, Goldman & Spitzer PA, Woodbridge, NJ, Aaron D. Kaufmann, Leonard Carder LLP, Oakland, CA, Christina C. Sharp, Daniel C. Girard, Girard Gibbs & Debartolomeo LLP, Nicholas S. Napolitan, Morrison & Foerster LLP, San Francisco, CA,

Andrew J. Miller, Ellen T. Lowenthal, Budd Larner PC, Short Hills, NJ, Christopher K. Albert, Hamilton Brook Smith & Reynolds, P.C., Concord, MA, Michael P. Kelly, McCarter & English LLP, Wilmington, DE, Leslie F. Su, Minerva Law, P.C., Andover, MA, Robert J. Tucker, Bakerhostetler, Columbus, OH, for In re NEXIUM (ESOMEPRAZOLE) Antitrust Litigation.

### ORDER

YOUNG, District Judge.

### I. INTRODUCTION

Defendants AstraZeneca AB, Aktiebolaget Hassle, and Astrazeneca LP (collectively "AstraZeneca") along with Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories Ltd. (collectively, "Ranbaxy") (collectively, with AstraZeneca, the "Defendants") move for partial summary judgment of the Direct Purchasers' and End–Payors' claims relating to Ranbaxy's alleged exclusion from the market due to the AstraZeneca–Ranbaxy settlement agreement. AstraZenaca & Ranbaxy Defs.' Mot. Partial Summ. J. Basis Statute Limitations, ECF No. 433. The Defendants press this motion under Federal Rule of Civil Procedure 56(a) on the basis that these claims are time-barred by the four-year federal statute of limitations, 15 U.S.C. § 15b, and also under the laws of the twenty-three states with statutes of limitations of four years or less. *Id.*

Upon review of the parties' submissions and oral arguments at the November 26, 2013 motion hearing, the Court DENIES this motion for partial summary judgment for the following reasons.

### II. DISCUSSION

 The Direct Purchasers and End–Payors represent a wide group of purchasers of brand Nexium. Under *Berkey Photo,* purchasers are distinguished from competitors in terms of antitrust damages because "[n]ot until the monopolist actually sets an inflated price and its customers determine the amount of their purchases can a reasonable estimate be made. The purchaser's cause of action, therefore, accrues only on the date damages are 'suffered.'" *Berkey Photo, Inc. v. Eastman Kodak Co.,* 603 F.2d 263, 295 (2d Cir. 1979). This theory of recovery was first established in *Zenith Radio,* in which the Supreme Court held that "[i]n antitrust and treble-damage actions, refusal to award future profits as too speculative is equivalent to holding that no cause of action has yet accrued for any but those damages already suffered. In these instances, the cause of action for future damages, if they ever occur, will accrue only on the date they are suffered; thereafter the plaintiff may sue to recover them at any time within four years from the date they were inflicted." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 339, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). While it is undisputed that the AstraZeneca–Ranbaxy settlement agreement was executed on April 14, 2008, the plaintiffs' proffer the opinions of an expert to posit that Ranbaxy would not have launched a generic Nexium product until August 2008, citing regulatory and manufacturing reasons for this date.[1] Absent the Ranbaxy settlement agreement, the

1. The plaintiffs' joint statement of facts and accompanying exhibits under Direct & End–Payor Purchaser Class Pls.' Local Rule 56.1 Response AstraZeneca & Ranbaxy Defs.' Statement Facts Statement Add'l Material Facts ("Pls.' Statement") have not been publicly filed, but the accompanying Decl. Nicholas Urban Supp. Direct & End–Payor Purchaser Class Pls.' Local Rule 56.1 Response AstraZeneca & Ranbaxy Defs.' Statement Facts can be found under ECF No. 497–1. Pls.' Statement 3.

plaintiffs argue that Ranbaxy would have received FDA approval for an "at-risk" launch of generic Nexium "by August 2008," which in turn would have triggered competitive market prices along with the possible entry of other generics, including an authorized generic from AstraZeneca. Pls.' Statement ¶¶ 110–112.[2] Under governing law, this "but-for" date of generic entry would be when the plaintiffs' antitrust claims would accrue, as overcharges would first be incurred upon this date. Despite the speculative nature of evidence presented by the plaintiffs in their sealed filings, this Court draws all reasonable inferences to the nonmoving party to conclude that the plaintiffs' claims accrued within the four-year statute of limitation by the conclusion of August 2008, mindful of the precise filing dates of the plaintiffs' lawsuits.

Assuming for purposes of this summary judgment motion that the conclusion of August 2008 was the "but-for" entry date of Ranbaxy into the market, it may thus be established that the End–Payors and Direct Purchasers timely filed their antitrust lawsuits on August 24, 2012 and August 27, 2012, respectively. *Id.* at 10–11. The Direct Purchasers and End–Payors must, of course, prove the timeliness of their filings at trial.

## III. CONCLUSION

For the foregoing reasons, this Court DENIES the motion for partial summary judgment and preserves the plaintiffs' claims against the alleged harms flowing from the AstraZeneca–Ranbaxy agreement. Pursuant to this Order, the End–Payors Class Definition is modified to reflect that the class can now challenge the AstraZeneca–Ranbaxy agreement under

the twenty-five states listed in the class definition, and are no longer limited to Maine, Vermont, and Wisconsin. Mem. & Order, ECF No. 519; Order, ECF No. 520. The parties shall submit new Proposed Class Definitions reflecting these modifications.

**SO ORDERED.**

2. The plaintiffs' expert, Dr. Cheryl Blume, also explores later possible entry dates under different "but-for" scenarios, including generic entry dates in 2010 and 2012. Pls.' Statement ¶¶ 113–116.